Good morning, Your Honors, and may it please the Court, Counsel, my name is Amber Hopkins Reed and I am with the Office of the State Appellate Defender here on behalf of the defendant and civilist Harris. In this case, Mr. Harris was charged with unlawful delivery of a controlled substance on April 19, 2012. During pre-trial proceedings, the defendant waived his right to counsel, but was appointed standby counsel because the trial court believed that the defendant couldn't read or write. However, the record reflected that the defendant could both read and write. The trial court later allowed standby counsel to withdraw and refused to reappoint standby counsel based on the fact that the defendant could read and write. Harris was then required to continue on to a jury trial without the assistance of standby counsel. There are four issues in this case. Now he wanted to proceed by himself, didn't he? He initially wanted to proceed pro se, but asked for standby counsel and the trial court and the assistant state's attorney stated that they believed that standby counsel would be helpful. So this will be my first issue in the case. This court should reverse its conviction and remand the case for a new trial. First off, because the trial court abused its discretion because it refused to reappoint standby counsel during critical stages of the defendant's proceedings and when counsel was necessary in light of the gravity and in the case and Harris's moment of experience. You know, when standby counsel is appointed, many appeals are that the standby counsel did too much, right? Interfered too much. Correct. And other cases are appealed because the standby counsel didn't do enough. Correct. Here, the appeal is that standby counsel was taken away. Well, because standby counsel asked to withdraw. And why did the standby counsel ask to withdraw? There was a breakdown in communication between the defendant and standby counsel. And there were many breakdowns in this case. Correct. In fact, it is on the record that the standby counsel cursed at the defendant and told him not to ever call this office again. And so then the defendant went back here and the standby counsel testified that he had been cursed and hung up on the defendant, but the defendant still just thought that maybe a different standby counsel would be better. He asked for a new standby counsel and the trial court failed. And the history of whether or not he was going to be represented, just represented or not represented and was willing to go pro se and then with standby counsel, what's the history of that in this case? So initially he wanted to go pro se. Then he was released from the Department of Corrections, I think, on accident. They found him several years later. He agreed. He wanted to go pro se again because he wanted to, you know, get this through as quickly as possible. He then asked for the appointment of full counsel. He then sought go pro se again but asked for standby counsel. And the court and the assistant state's attorney agreed that it would be useful in this case. And that's because of their belief about reading and writing? Even though it was clear from the record that he could read and write. In fact, the defense counsel in the motion for standby counsel told the court that he could read and the defendant had previously filed his own handwritten motions. And how long did this, you know, until the time that's objected to here that the standby counsel, the final straw here about standby counsel and it was the request was denied, how much time elapsed from the beginning to that? I don't have the exact number of months. Approximately. It was all during pretrial proceedings. So it would have been several months. Well, how long do you think, several months? A long time, right? It is, especially when in that time there was a motion in lemonade style and then the defendant ultimately went to trial without the appointment of standby counsel. After going back and forth several times, right? Initially, yes. So the trial court abused the discretionary of our family to reappoint standby counsel at a critical stage because the trial court's belief that the defendant could read and write when the court was aware prior to the initial appointment of standby counsel that the defendant could in fact read and write. So basically what happened here is there was no change in circumstances that warranted the judge's change of opinion on the appointment of standby counsel. So here the court appointed standby counsel when the record reflected that Harris could read and write, yet the trial court and the assistant state attorney acknowledged that the defendant could benefit from counsel. Then shortly before trial, standby counsel withdrew and the trial court failed to reappoint standby counsel. The defendant was then left to proceed pro se into a jury trial even though he requested new standby counsel. The trial court ultimately justified its denial at this critical stage based on the same facts it knew when it originally appointed counsel. Now this defendant also told the judge that he was considering a possible attorney, right? Initially, but he had no... When you say initially, what time period was that? I believe silver and pre-trial proceedings. Well, it was after the other person withdrew, right? So, yes. Yeah, the standby, you know, we're not talking about a long time. It was after he got rid of the last standby counsel, and we're talking about whether a new standby counsel should be appointed, that the defendant told the judge that I'm considering another possible attorney, correct? Correct. So that's not a long time ago. That's after he got rid of, because of the conduct and so forth and his feelings about this guy that he got rid of his standby counsel, right? Correct. Because of the breakdown. Right, correct. Because trial counsel says inappropriate phrases and told the defendant not to ever call his office again, and then hung up on the defendant. What your basic argument is, is that, I think, is that standby counsel was appropriately appointed on the basis of some reasoning, correct? Correct. And then standby counsel was allowed to withdraw, correct? Correct. And then a request was made for standby counsel, even though in the colloquy of the request, maybe I'll get private counsel, but the defendant shows up to trial without private counsel. Did the defendant at that time renew the request? He only asked for standby counsel immediately after. After what? The trial court allowed initial standby counsel to withdraw. Okay. So there was never, and then represented to the court before trial, that he was going to get private counsel? I don't believe he then again represented before trial. When did he represent to the court, I might get private counsel? I believe it was during his statements to the court at the plea, at the withdrawal hearing. He was saying, I don't believe this counsel is representing me. Right, right, right. We're all trial judges. We know that. That colloquy is just, yeah. But basically, allowed to withdraw. Right. And then after that, he asked for standby counsel. Okay. And nothing had changed in terms of his abilities or status that justified the appointment in the first place? Correct. And so you're saying it was an error for the judge not to then appoint standby counsel for the trial? On that same basis. That the trial judge knew from his initial appointment that he could read and write. What is this read and write stuff? The trial court makes a, what's the standard of review as to whether or not standby counsel should be appointed? So the court looks at more complicated factors, and it looks at whether the case is legally complex, whether it looks at the defendant's limited ability and experience, and it looks at the severity of the crime the defendant faced. And your argument is, is if it was good then that met those factors. It's good now. Right. Is that your argument? Correct. And that was error to basically apply Gibson and then refuse to apply Gibson. Right. The court didn't specifically apply Gibson, however, assuming that. Well, we're going to judge by whether there was error, whether the Gibson analysis, okay? Right. Whether articulated or not. Correct. I just wanted to ensure that the court knew. But it's an abuse of discretion. It is an abuse of discretion as a standard. And how do we explain that to the ordinary layman, that there is an abuse of discretion, if there is? That the court either misapprehended the law or the facts. For instance, the court misapplied the facts here and didn't justify its reason not to reappoint stand-by counsel based on the same set of circumstances. Could it have been argued just as well that it was error to appoint it in the first place? Arguably, however, that's not the issue in this case. The issue here is whether it should have been properly reappointed. For instance, there is this case, Grozowski, where it's from this court where the court found that stand-by counsel should have been reappointed because trial counsel was dismissed during jury deliberations and the defendant was required to proceed through jury deliberations without stand-by counsel. That case is similar to this case here because stand-by counsel wasn't reappointed during the critical stage here, that being the jury trial. And the defendant should have been given stand-by counsel. And it was an abuse of discretion to tell the defendant that he would have stand-by counsel during his proceedings and then fail to reappoint counsel after the defendant asked and then when there was no meaningful change in circumstances. Further, under Gibson, this court should have reappointed counsel because the case is legally complex, considering Harris's limited abilities and experience. Let me back up again. Correct. So he asked to get, he wanted to get rid of this stand-by counsel, right? Yes, because there was a breakdown. They tell the judge that, look, I think I'll get another attorney, right? Correct, but when the court asked, do you want me to appoint a new stand-by counsel, the defendant says yes in the same hearing. So the defendant did want appointed stand-by counsel. And yet he told the judge he was going to get, he might get another attorney, right? But that was before he asked for appointed stand-by counsel. And then what did he say just before the trial? Nothing. Correct. However, when the defendant asked, it should have, it was an abuse of discretion for this court not to appoint stand-by counsel, reappoint stand-by counsel, based on the same set of circumstances. Can I take a minute? Okay, thank you. Then under Gibson, I want to most importantly Would it be an abuse of discretion or is the judge under some affirmative obligation? Let's assume a similar case. There's been no request for stand-by counsel. The defendant then, in my hypothetical, was as skilled in the language arts as, you know, this defendant. And the trial goes, proceeds with the outcome as here. Is that some affirmative, is there an affirmative obligation, an abuse of discretion to not appoint one? So the defendant with Veretta has an absolute right to continue to go pro se. And stand-by counsel, it's the discretion of the judge to appoint it. The difference between or has to be Well, is there an obligation by the judge, sua sponte, to appoint stand-by counsel? No, it's within his discretion. However, as in this case Within his discretion usually imply, okay, discretion to whether to do it sua sponte? Well, the discretion, if the court can Without being asked? The court will generally, the defendant asks to have stand-by counsel appointed. Or if there's the, as in this case, the defense counsel withdrew initially And all three parties, the judge, the state defense attorney, said You should probably appoint stand-by counsel here. And the defendant agreed that he wanted stand-by counsel. That's also a similar circumstance for Veretta. And at that point, it's the judge's discretion. And the judge is presumably looking at the Gibson factors. Whether to appoint stand-by counsel initially. Initially. Correct. But I think Justice Carter was trying to get to We've had a withdrawal, okay, which has been granted by the court. Representation by the defendant. I'm going to get private counsel. And then sometime shortly at the same time Says, oh, was asked whether he wants stand-by counsel Or did on his own initiative ask for stand-by counsel. The court said, would you like me to appoint stand-by counsel? And the defendant said, yes. And then the court said, no, I'm not going to. Because you can reenact. Okay. So looking at the Gibson factors, I want to highlight, for your honors The difficulty the defendant had in presenting his case Which is one of the factors in the Gibson analysis. The defendant was unable to ask appropriate questions. He wasn't able to adversarially test any of the state's motion Or the state's case at trial. And most importantly, he failed to present a coherent theory of defense. I have the defendant's verbatim closing argument. It says, predisposition, disposition. The people of the state and the informant. They planned, they planted, manipulation, manipulation, persuasion, perpetrators Offenses and crimes in the heart of the defendant. All the evidence. The informant. The elements of the informant. Persistent requests. I hope and pray that your deliberation is in favor of the defendant. These are not words of a defendant who has the ability to represent himself Without the assistance of stand-by counsel. Do you think it was an abuse of discretion to allow this defendant to go pro se? To stand by his constitutional right to represent himself for self-representation? Under Beretta, he has an absolute right to represent himself. It's the abuse of discretion that he wasn't able to have stand-by counsel After he asked for it again. And after he was initially appointed it And there was no change in circumstances Why the judge justified first appointing counsel And then not reappointing counsel later. In your version, stand-by counsel would be taking over the trial. In your examples. He'd be doing closing argument. He or she would be doing closing argument. In your view. No. Stand-by counsel is here to help with procedural matters. So it would have been able to help the defendant either craft a closing argument Or tell the defendant what motions are appropriate to file. Could have helped the defendant point to cases that the defendant could read. But because he didn't have stand-by counsel He was arguing that alternative forms of pleading was the same as double jeopardy. That's something that stand-by counsel could have explained to him. Could have helped him craft more appropriate motions. Because the defendant was denied stand-by counsel in this case He didn't have the opportunity to have the proper procedures to conduct an effective trial. Counselor, your time is up. Thank you. If there are no further questions. Thank you, Counselor. Counselor. May it please the court. Counsel, initially I had argued that this issue was forfeited Because it was not concerned in the trial court. The issue was not briefed in the original. The poem was briefed. It was briefed in the reply brief after I brought up this situation. So the defendant was arguing the second part of the point here. In this case, the plain air should not apply for I think the reasons that Justice Carter gave. There was very limited airs that applied to the second part of the point. Well, is it air? You can't do plain air unless you've got air. Right. In here, there was no air. The trial, the answer to your question, that what is the standard of the brief deal And I agree it's an abuse of discretion. The definition of abuse of discretion is arbitrary, fanciful, unreasonable, or very unreasonable person Would take the view adopted by the trial court. From what we've heard today, that would not apply here. The defendant has an absolute right to self-representation. Here, the defendant, what we have is a difficult defendant. He wanted to run the show, but he wanted stand-by counsel there in case he had questions. He wanted the public defender when he was initiating the file motions. He wasn't happy with what the public defender was doing, so he said he wanted to represent himself. The trial judge appointed stand-by counsel under the presumption that the defendant did not need a rank. How many lawyers did this defendant have, one way or the other, either totally or stand-by? Can you repeat the question? How many lawyers did this defendant have, either totally or stand-by? Lawyers? This defendant, how many defense lawyers did he have? Oh, how many defense lawyers. Again, the public defender wasn't happy with him, said this public defender is not standing up for me. I feel like I have to stand up for myself. I want to represent myself. That's one. Then, he's appointed stand-by counsel. He wants to have a disagreement. Sounds like he's another difficult defendant. He wants to run the show. Stand-by counsel does not want to file the motions. Defendant wants to withdraw. That's number two. He had at least two. Then, of course, he asked for a new stand-by counsel. Well, the defendant does not get to choose who his lawyer is unless he can pick his own lawyer. I don't think this defendant would have been happy with any counsel because he's one of those difficult defendants. He thinks he knows better. In this case, he had to write the self-representation. That's what he wanted to do. Then, after he's convicted, he's unhappy. Then, he blames stand-by counsel or the trail judge for not appointing him a lawyer. Does it become ineffective? I mean, does it become an abuse of discretion because it turns out that when you desire to represent yourself and you also ask for stand-by counsel, the judge doesn't appoint or reappoint stand-by counsel. It turns out that your self-representation turns out to be ineffective. You can't blame your own ineffective assistance of representation on the trail judge. The defendant has this absolute right to go to trial and represent himself. Many times, that's the wrong decision. The defendant cannot come back and say, well, look at the poor job I did. Of course, I needed stand-by counsel. Now, you brought this argument up, right? Which argument? This one. Wow. Representation. In your brief. Yes. He can't say that his ineffectiveness was the result of him not having counsel. And that is totally incorrect. What about your counsel? Go ahead. What about the instruction 3.17? Yes. Of course, I argued that that was worth it in defense. Counsel addressed that in reply to me in hearing. And the defendant were in a prior relationship in a hearing on the apartment where the drug transaction took place. So, technically, I guess you could call her an accomplice. But whether the defendant was denied a fair trial or whether there was error is really not important because she was not the only witness to testify. There was the confidential source, Anna Nelson, who also testified at the trial. Now, this was allegedly a forfeited claim. Is this the kind of error that's been deemed to be structural? No. The only structural error on a jury instruction would be a reasonable doubt instruction or defense counsel brought up if there was improper instruction. I hear you say that involved a sexual abuse of a minor case. And this is not a jury instruction error that would be deemed structural. Now, how do you really explain away the trial judge's statement about not taking notes? Oh, yes. I was going to get to that. Of course, the account I argued was forfeited. That was the Brzozowski case out of this courtroom, if you may have written the decision. Brzozowski is actually distinguishable from this case because, first, Brzozowski, he presented here. And Brzozowski, the trial court appointed stand-by counsel, then dismissed stand-by counsel during trial prior to jury deliberations. So what the trial judge did here was he appointed stand-by counsel, allowed stand-by counsel to be there with the defendant. But then at a critical time, the trial judge pulled the rug out from under the defendant. In this case, the defendant, he was given stand-by counsel. There was a disagreement. This was prior to trial, and it would be actually distinguishable on those grounds. What about the note-taking? The note-taking? Yes. That was Equal Verts Jackson. That was out of this court also, I believe. It was probably fair for the trial judge to not do that. Probably? Probably. Again, that error was preserved in the trial court. It wasn't preserved in this case. It was forfeited. Can I ask a question? Yes. I'd like to go back to the stand-by counsel issue for a minute. Let's suppose that we assume, for purposes of argument, that this was a difficult defendant, that everything that he did was unreasonable with regard to his decisions about counsel. Stand-by counsel is not a right that the defendant has. Correct. Is stand-by counsel solely for the benefit of the defendant, or is stand-by counsel to a certain extent for the benefit of the court and the court system to try to do what trials are supposed to do, which is arrive at the truth? I would argue that stand-by counsel is a grace given to the defendant by the trial judge instead. We have to go back and look at the U.S. Supreme Court. It says the defendant has an absolute right to defend himself. If you appoint stand-by counsel and make that a right, then there would be a conflict if we self-represent the patient and erect a stand-by counsel. But I argue that it's not for the court system or the pursuit of what the court system is about, but it's solely for the benefit of the defendant. You're saying the Supreme Court said that it was solely for the benefit of the defendant? No. I'm saying the U.S. Supreme Court said the defendant has an absolute right to defend himself. You would be interfering with that right if you forced stand-by counsel. I've got a real question about that statement. You made it twice. Okay. What does stand-by counsel do that is in derogation of the right to represent yourself, per se? Well, I believe Justice Carter mentioned earlier that sometimes stand-by counsel does too much to interfere with that right. No, he said that sometimes the defendant appeals on the basis that stand-by counsel has done too much. Yes, and perhaps if stand-by counsel wasn't appointed here, that's what the issue would be on appeal. Or not enough, or sometimes not enough. Yes, sometimes not enough. In this case, the trial court and the state's attorney apparently agreed that it would be beneficial to the system if the defendant had stand-by counsel. Is that correct? That's correct. It would make their jobs easier because the defendant usually does not know how to defend himself as an attorney would because of how to ask questions, other procedural issues, and it would make things probably easier for them. But that's not the standard. So in the search for truth, for the system it's beneficial to have somebody who knows the law? Yes. And can direct the defendant in proper procedure? Yes, but he's not entitled to that right. But the Gibson factors, when you look at those, the Gibson factors are actually directed, it looks like, to determining whether, not whether the defendant has right to counsel, but whether it's possible to present a person with, given the complexity of the case, the seriousness of the claim, and the restrictions on his own particular skills, has the ability to present the information that the court has to have in order to make a proper decision. Yes, and I believe all those factors are met in this case. It was not a complex case. It was a deliberation of a controlled substance case. There was a forensic scientist that testified regarding some technical information, but the defendant not challenged that. The defendant actually argued that this was entrapment, where in entrapment defense, you admit all of the elements of the crime. You just say that the police did something wrong, and that's why I was here, convicted of this crime, or I'm trialed for this crime. That's the kind of stuff. If you don't have any other questions, I ask that you confirm the defendant's conviction and sentence here. No. Counsel? I'd like to briefly touch on a few things that Your Honors have touched on initially. I'd like to start with you, Justice McDade. You asked opposing counsel if there was a Supreme Court that talked about whether it was impugning integrity of the criminal justice system to not apply stand-by counsel. There is, in fact, a United States Supreme Court case that says it is the benefit not only of the defendant, but the criminal justice system as a whole, to appoint stand-by counsel when the court finds it necessary. And that case is going to be majored from the United States Supreme Court. Also, I'd like to briefly touch on the fact Justice Carter talked about the no-taking issue. I'd like to note that from the Johnson decision that was offered by this court, it is definitely an error that the court has a policy banning no-taking. It not only infringes on the defendant's rights to a fair trial, it infringes on the jury's ability to keep track of the case, and it harms the jurors. Well, is the state contesting that it wasn't error, or is the state saying it's not reversible error? The state is saying that it could probably be error, but it's definitely error, and it's reversible error because it infringes the defendant's right to a fair trial. It's not second-pronged plain error, though, is it? No. I mean, that's a problem you've got here in this case, isn't it? But this issue can be reviewed because the... Well, because the issue wasn't forfeited, the state has the burden to prove that it wasn't harmless. And prejudice was shown here because the jurors weren't able to keep track of the defendant's case because, as you'll see when you look through the record, he wasn't even able to ask questions. After he would say something, the state would object, say that it wasn't in the form of a question, and then the court would sustain the objection. So it was difficult for the jury to even likely figure out what evidence was presented in this case, and note-taking would have been a central tool that the jury could have used to keep track of what evidence was presented in this case. So wasn't this forfeited? I believe it was included in the post-conviction. So looking at Strong, which is a similar case, the court found that this issue was reviewable because it was the trial court's policy. They relaxed forfeiture in Strong, which is a similar instance, and they reviewed the issue in that case. Because of the court's policy? Correct. So they made an exception? Right, under Strong. Finally, I would like to touch on the forfeiture analysis that the state talked about in the Standing By Council. We argued first that forfeiture should also be relaxed in this case because the trial judge's conduct was the basis of the objection. Also, fundamental fairness requires the relaxation of the forfeiture rule when the defendant's fair trial rights are at issue. And the basis of the forfeiture here is closely tied to the error. The issue could have likely been preserved, or a post-trial motion could have probably been filed with the issues that the defendant objected to if there had been a Standing By Council. But a council wasn't reappointed here, and so those issues weren't properly included. Second of all, this court should look at the issue under second pronged plain error because it impugned integrity of the criminal justice system and denied the defendant a right to a fair trial. There are all the errors that you complain about in this case. None of them have been found by our Supreme Court to be second pronged error, have they? Correct, but second pronged plain error isn't limited to Strong. I understand that, but none of them have even remotely been specifically, closely mentioned as second pronged error. Correct. However, looking at the United States Supreme Court case in Mayberry, it strongly suggests that it impacts the integrity of the entire criminal justice system, and that similar language mirrors the second pronged plain error language. So, this court should look at this issue under second pronged plain error because it impacts the integrity of the criminal justice system when the defendant is denied a right to counsel, even if that is Standing By Council. And looking at the U.S. Supreme Court, the U.S. Supreme Court has never found under their plain error analysis, which is different, this kind of error to be. It is different. That's plain error, correct? Correct. If there are no further questions, I have nothing else in court. I would just ask that for all of the reasons that I've stated here and in your various briefs, this court should reverse its conviction for unlawful or brevity control, such as in a random case where he tried. Thank you. Thank you, counsel. Thank you both for your arguments, and we'll take a brief recess.